UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-10029-CR-KING

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| SCOTT MICHAEL WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.  Attached, please find a copy of any written statements made by the defendant(s).

  2.  That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

  3.  No defendant testified before the Grand Jury.

  4.  The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

  5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant were made available to defense counsel, AFPD Daryl Wilcox, for inspection and review at the Department of Homeland Security, Homeland Security Investigation's

offices in Miami, Florida on Wednesday, January 9, 2013. At that discovery conference, defense counsel had an opportunity to review all of the evidence related to this case that the Government had in its possession.

In addition, there are attachments to this discovery response. Said attachments are not necessarily copies of all the books, papers, documents, etc. that the government may intend to introduce at trial.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes. Said notes are attached hereto.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence

2

|      | underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents. |
|------|---|
| I.   | The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. |
| J.   | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this case. |
| K.   | No contraband is involved in this indictment. |
| L.   | The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession. |
| M.   | The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. |
| N.   | To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. |
|      | The government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications. |
| O.   | The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference. |
| P.   | Prior to trial, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel. |

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

      Time: **SEE INDICTMENT**
      Date: **SEE INDICTMENT**
      Place: **SEE INDICTMENT**

  The attachments to this response are: (1) documents bates stamped 000001 - 000235; (2) compact disks containing photographs taken by law enforcement on the dates federal search warrants were executed in this case; and (3) reports generated by HSI's Computer Forensic Agent ("CFA") containing sanitized contents from the Defendant's electronic media.

  Please contact the undersigned Assistant United States Attorney if any documents or materials are missing.

      Respectfully submitted,
      WIFREDO A. FERRER
      UNITED STATES ATTORNEY

    By: *s/ Vanessa Singh Johannes*
      VANESSA SINGH JOHANNES
      Assistant United States Attorney
      Court No. A5501644
      99 Northeast 4th Street
      Miami, Florida 33132-2111
      Tel: (305) 961-9023
      Fax: (305) 536-4699

cc: Special Agent Jon Bentsen, HSI

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 13th day of January, 2013 to counsel for the Defendant: Daryl Wilcox, Assistant Federal Public Defender, One East Broward Boulevard, Suite 1100, Ft. Lauderdale, Florida 33301.

                                                                s/ *Vanessa Singh Johannes*
                                                     Assistant United States Attorney